Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

STAR FABRICS, INC., a California Corporation,

Plaintiff,

v.

PINK ICE, INC., a California Corporation; K.H.K., CORP., a California Corporation; BURLINGTON COAT FACTORY DIRECT CORPORATION, a New Jersey Corporation; INTERMARKET APPAREL, LLC., a New York Limited Liability Company; CECICO, INC., a California Corporation; LARA, INC, a California Corporation; and DOES 1 through 10

Defendants.

Case No.: CV11-02588 SVW (JCGx)

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

AND

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT.

Jury Trial Demanded

Star Fabrics, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1

COMPLAINT

## INTRODUCTION

Plaintiff creates and obtains rights to unique two-dimensional graphic artworks for use on textiles, which textiles are transacted primarily in the apparel industry. Plaintiff owns these designs in exclusivity and makes sales of products bearing these designs for profit. Plaintiff's business is predicated on its ownership of these designs and it spends a considerable amount of time and resources creating and obtaining top-quality, marketable and aesthetically appealing designs. Customers of Plaintiff take design samples with the understanding and agreement that they will only utilize Plaintiff to reproduce said designs should they wish to do so, and will not seek to make minor changes to Plaintiff's proprietary work to reproduce the same elsewhere. In violation of Plaintiff's rights, Defendants, and each of them, have used Plaintiff's designs.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff STAR FABRICS, INC. ("STAR") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1440 Walnut St., Los Angeles, California 90011.

5.  Plaintiff is informed and believes and thereon alleges that Defendant PINK ICE, INC. ("PINK ICE") is a corporation organized and existing under the laws of the State of California and is doing business in and with the State of California with its principal place of business at 3435 Wilshire Boulevard, Los Angeles, California 90010.

6.  Plaintiff is informed and believes and thereon alleges that Defendant K.H.K., INC. ("KHK") is a corporation organized and existing under the laws of the State of California, which is registered with the Federal Trade Commission under RN 2118 and is doing business in and with the State of California with its principal place of business at 137 East 33rd Street, Suite B, Los Angeles, California 90011.

7.  Plaintiff is informed and believes and thereon alleges that Defendant BURLINGTON COAT FACTORY DIRECT, CORP. ("BURLINGTON") is a corporation organized and existing under the laws of the State of New Jersey and is doing business in and with the State of California with its principal place of business at 1830 Route 130 North, Burlington, New Jersey 08016.

8.  Plaintiff is informed and believes and thereon alleges that Defendant INTERMARKET APPAREL, LLC. ("INTERMARKET") is a limited liability company organized and existing under the laws of the State of New York, which is registered with the Federal Trade Commission under RN 8PR8547 and is doing business in and with the State of California with its principal place of business at 26 Computer Drive East, Albany, New York 12205.

9.  Plaintiff is informed and believes and thereon alleges that Defendant CECICO, INC. ("CECICO") is a corporation organized and existing under the laws of the State of California, which is registered with the Federal Trade Commission under RN 6R2037 and is doing business in and with the State of California with its principal place of business at 747 East 18th Street, Los Angeles, California 90021.

10. Plaintiff is informed and believes and thereon alleges that Defendant LARA, INC. ("LARA") is a corporation organized and existing under the laws of the State of California, and is doing business in and with the State of California with its principal place of business at 230 American Way, Glendale, California 91210

11. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 3, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted Design Nos. **61619** (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

12. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and

4

adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. 61619

14. Prior to the conduct complained of herein, Plaintiff purchased original artwork from a reputable design studio and obtained a written transfer of ownership of said artwork. It allocated this design Plaintiff's Internal Design Number 61619 ("Subject Design"). A true and correct image of the Subject Design has been attached hereto as Exhibit One.

15. Plaintiff was granted copyright registration for the Subject Design on January 5, 2009, with the design issued Registration Number VA 1-682-505 (attached hereto as Exhibit Two).

16. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the apparel industry.

17. Following this distribution of product bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design, and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

18. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants and each of them, created, manufactured, caused to be manufactured, imported, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to the Subject Design ("Subject Garment"). These sales by Defendants, and each of them, of Subject Garments constituted an infringement of Plaintiff's exclusive rights under 17 U.S.C. 106 et seq.

5

19. Specifically, said garments include, but are not limited to, blouses sold at PINK ICE under SKU X2799 bearing the label "by deep los angeles" and the RN 110565, indicating that it was provided to PINK ICE by Defendant KHK. A true and correct copy of one such garment is attached hereto as Exhibit Three.

20. Said garments also include, but are not limited to, blouses sold at BURLINGTON under SKU 602-79156671 bearing the label "Pinky" and the RN 106140, indicating that it was provided to BURLINGTON by Defendant INTERMARKET. A true and correct copy of one such garment is attached hereto as Exhibit Four.

21. Said garments also include, but are not limited to, blouses sold at LARA under SKU 6R2037 bearing the label "CECICO" and the RN 123022, indicating that it was provided to LARA by Defendant CECICO. A true and correct copy of one such garment is attached hereto as Exhibit Five.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

22. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 21, inclusive, of this Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments being sold in the marketplace made from fabric lawfully printed through Plaintiff.

6

24. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design, or were an illegal modification thereof.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling Subject Garments through a nationwide network of retail stores, catalogues, and through on-line websites.

26. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

27. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

29. Plaintiff issued cease and desist letters to Defendants, and each of them, and is informed and believes and thereon alleges that, in spite of their receipt of the aforementioned cease and desist demand letters, Defendants, and each of them, continued to sell Subject Garments in violation of Plaintiff's rights as the copyright

7

proprietor and owner of the Subject Design.  Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

30. Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

31. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 30, inclusive, of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

34. By reason of the Defendants', and each of their, acts of copyright infringement as alleged above, Plaintiff has suffered and will continue to suffer

8

substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

35. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have continued to manufacture and/or sell Subject Garment after Plaintiff demanded that they cease and desist from engaging in same. Therefore, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability therefore, including statutory damages under Section 504(c)(2) of the Copyright Act in the sum of one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants', and each of their, willful and intentional misappropriation and/or infringement of Plaintiff's copyrighted Subject Design renders Defendants, and each of them, liable for statutory damages as described herein. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### ***Against All Defendants***

1. With Respect to Each Claim for Relief

    a. That Defendants, their agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise

trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

e. That Plaintiff be awarded pre-judgment interest as allowed by law;

f. That Plaintiff be awarded the costs of this action; and

g. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 23, 2011                           **DONIGER / BURROUGHS APC**

By: _____
Stephen M. Doniger, Esq.
Attorneys for Plaintiff
STAR FABRICS, INC.

10

COMPLAINT

# EXHIBIT 1



# EXHIBIT 2

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-682-505

**Effective date of
registration:**

January 5, 2009

## Title

**Title of Work:** 61617

**Contents Titles:** 61617, 61618, 61619 & 61620

**Nature of Work:** Designed Textile Artwork

## Completion/ Publication

**Year of Completion:** 2008

**Date of 1st Publication:** November 24, 2008

## Author

■ **Author:** The Patricia Brandt Company

**Author Created:** 2-Dimensional artwork

**Work made for hire:** Yes

**Citizen of:** United States

## Copyright claimant

**Copyright Claimant:** Star Fabrics, Inc.

1440 Walnut Street, Los Angeles, CA, 90011

**Transfer Statement:** Assignment

## Certification

**Name:** Adir Haroni

**Date:** December 30, 2008

**Copyright Office notes:** Regarding title information: First title used to identify collection.

# EXHIBIT 3



# EXHIBIT 4





Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation<br><br><br>PLAINTIFF(S)<br><br>v.<br><br>PINK ICE, INC., a California Corporation; et al.<br>(See Attached "Schedule A")<br><br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11-02588**SVW (JCbx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): _____
_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Stephen M. Doniger, Esq. SBN 179314_, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

MAR 28 2011

Dated: _____

By: _____
**JULIE PRADO**   SEAL
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

# "SCHEDULE A"

STAR FABRICS, INC., a California Corporation,

Plaintiff,

v.

PINK ICE, INC., a California Corporation; K.H.K., CORP., a California Corporation; BURLINGTON COAT FACTORY DIRECT CORPORATION, a New Jersey Corporation; INTERMARKET APPAREL, LLC., a New York Limited Liability Company; CECICO, INC., a California Corporation; LARA, INC, a California Corporation; and DOES 1 through 10

Defendants.

UNITED STA'    DISTRICT COURT, CENTRAL DISTRICT CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) STAR FABRICS, INC., a California Corporation | DEFENDANTS PINK ICE, INC., a California Corporation; et al. |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Stephen M. Doniger, Esq. (SBN 179314) stephen@donigerlawfirm.com DONIGER / BURROUGHS APC 300 Corporate Pointe, Suite 355 Culver City, California 90230 (310) 590-1820 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant  □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  □ 2 Removed from State Court  □ 3 Remanded from Appellate Court  □ 4 Reinstated or Reopened  □ 5 Transferred from another district (specify):  □ 6 Multi-District Litigation  □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No        □ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | **BANKRUPTCY** | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | ☑ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | **SOCIAL SECURITY** |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities - Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | **IMMIGRATION** | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | **REAL PROPERTY** | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

CV11-02588

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STA'   DISTRICT COURT, CENTRAL DISTRIC'   ^ CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| STAR FABRICS, INC. - Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| PINK ICE, INC. - Los Angeles, California; K.H.K., CORP - Los Angeles, California; CECICO, INC. - Los Angeles, California; LARA, INC. - Los Angeles, California | BURLINGTON COAT FACTORY DIRECT CORPORATION - New Jersey INTERMARKET APPAREL, LLC. - New York |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 03/25/2011 _____

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV11- 2588 SVW (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.